**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1481
_____

MARIO ROLDAN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-697-526)
Immigration Judge:  Honorable Margaret Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2010
Before:  SLOVITER, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: May 17, 2010)
_____

OPINION
_____

PER CURIAM

Mario Roldan petitions for review of an order of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ") order of removal.  The

Attorney General has filed a motion to dismiss the petition for lack of jurisdiction.  For

the reasons that follow, we will grant the Attorney General's motion and dismiss the petition for review in part and deny it in part.

Petitioner, Mario Roldan, is a native and citizen of Colombia. He entered the United States in June 1998 and overstayed his visa. On April 23, 2001, he married a United States citizen who petitioned for, and received, conditional permanent resident status for her husband. In June 2003, Roldan filed for divorce. After the final judgment of divorce was entered in October 2003, he filed a request for a discretionary waiver of the requirement to file a joint petition to remove the conditional basis of his permanent resident status under INA § 216(c)(4)(B). See 8 U.S.C. § 1186a(c)(4)(B). His application was denied, and his conditional permanent resident status was terminated on June 10, 2006. Roldan was then placed into removal proceedings, at which time he renewed his waiver application. The IJ denied his application, concluding that Roldan had failed to meet his burden of proving that his marriage was entered into in good faith. The BIA affirmed and dismissed his appeal. After Roldan timely filed a petition for review, the parties were asked to address this Court's jurisdiction to review the denial of the waiver pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii). In response, the Attorney General moved to dismiss for lack of jurisdiction.

Roldan raises two issues on appeal: first, that the IJ violated his Fifth Amendment right to a full and fair hearing by failing to act as a neutral factfinder, failing to consider all relevant testimony, and setting a hostile tone; and second, that the BIA abused its

2

discretion in failing to remand the matter to the IJ with instructions to grant the requested waiver. In support of the latter claim, Roldan argues that he submitted sufficient evidence to demonstrate a bona fide marital relationship and that the IJ therefore erred in denying his request for a waiver.

We do not have jurisdiction over the question whether the BIA abused its discretion in dismissing Roldan's appeal on the ground that the IJ properly denied his request for a discretionary waiver. See Urena-Tavarez v. Ashcroft, 367 F.3d 154, 161 (3d Cir. 2004) (holding that, under 8 U.S.C. § 1252(a)(2)(B)(ii), the Court may not review the discretionary denial of a waiver pursuant to 8 U.S.C. § 1186a(c)(4)). However, as the Attorney General recognizes, we retain jurisdiction over constitutional claims or questions of law pursuant to 8 U.S.C. § 1252(a)(2)(D). See Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006) (holding that constitutional claims raised in a petition for review elude the jurisdiction-stripping provisions of the INA). Thus, we may consider whether Roldan's right to due process was violated by the IJ's conduct of his hearing.

Roldan claims that by repeatedly interrupting his counsel and questioning Roldan herself, the IJ created an intimidating environment. He also maintains that the IJ demeaned Roldan and acted in a disparaging manner towards him. Taken as a whole, Roldan contends that the IJ's behavior during the removal proceedings indicated that she prejudged his case and did not give fair consideration to the testimony of petitioner or any

3

of the three witnesses he presented to corroborate his account of the marriage.[1]

While there is no constitutional right to a discretionary waiver, aliens facing removal are nonetheless entitled to due process. See Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001). Due process in this context requires that an alien be provided with a full and fair hearing and a reasonable opportunity to present evidence. See Romanishyn v. Attorney Gen., 455 F.3d 175, 185 (3d Cir. 2006). Additionally, we have held that IJ's have a duty to remain neutral and impartial when conducting immigration hearings and that an IJ's statements and behavior while conducting a hearing may rise to the level of a due process violation when the IJ abandons her role as a neutral factfinder and insults and belittles a petitioner. See, e.g., Wang v. Attorney Gen., 423 F.3d 260, 268-69 (3d Cir. 2005); Fiadjoe v. Attorney Gen., 411 F.3d 135,154-55 (3d Cir. 2005); Abdulrahman v. Ashcroft, 330 F.3d 587, 596 (3d Cir. 2003).

Upon a thorough review of the record, we conclude that while the IJ was at times short with Roldan, her conduct did not in any way infringe on his right to due process. The transcript of the proceedings indicates that the IJ endeavored to permit Roldan to fully develop his claim and was primarily concerned with clearly establishing the facts for

---

[1]As part of this argument, Roldan criticizes the IJ's characterization and evaluation of the evidence. We do not have jurisdiction to review that aspect of the proceedings. See Urena-Tavarez, 367 F.3d at 161 ("It follows that whether we agree with the IJ's characterization of the underlying evidence as credible *vel non* which led him to conclude that this was not a good faith marriage, is irrelevant, as the statute itself gives the Attorney General (acting through his designee) the sole discretion to weigh the evidence.").

the record. She placed no restriction on the number of witnesses he presented (A.R. 89), she asked clarifying questions when his answers were unclear or contradictory in an attempt to develop a clear and complete record (A.R. 100, 103-05, 109 112-13, 115, 119-20, 121-22, 131, 132-33, 136-38), and she gave him time to confer with counsel and questioned him extensively to ensure that he fully understood the implications of waiving his right to request voluntary departure. (A.R. 212-17.) While the IJ was active in the conduct of the proceedings, her conduct bears no resemblance to that which we have found to constitute a due process violation. See Wang, 423 F.3d at 269-70 (criticizing IJ's personal attacks on petitioner's parenting, calling him "selfish" and a "horrible father," speculating that his wife might have been sterilized after their arrival in the United States to bolster his asylum claim, and focusing on issues which were irrelevant to petitioner's asylum claim).

Based on the foregoing, we will grant the Attorney General's motion to dismiss for lack of jurisdiction as to Roldan's claim that the BIA abused its discretion in reviewing the IJ's denial of a waiver pursuant to INA § 216(c)(4)(B), and we will deny the petition for review as to Roldan's claim that he was deprived of his Fifth Amendment right to due process in the conduct of his removal proceedings.